14 N.J. Super. 443 (1951)
82 A.2d 215
THE BOARDWALK NATIONAL BANK OF ATLANTIC CITY, SUBSTITUTED TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF HARRY MORLOCK, DECEASED, PLAINTIFF,
v.
MARGARET MORLOCK, HARRY A. MORLOCK, LILLIAN G. RATHBUN, HELENE M. KEMP, MARGARET JANE RATHBUN AND JUDITH ANN RATHBUN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 21, 1951.
*444 Mr. Howard S. Tilton, attorney for plaintiff (Messrs. Waddington & Tilton, attorneys).
Mr. Maurice E. Gold, attorney for J. Albert Homan, guardian ad litem of Judith Ann Rathbun (Messrs. Homan, Philips & Gold, attorneys).
HANEMAN, J.S.C.
The plaintiff herein seeks the construction of the will of Harry Morlock, deceased, to the end that the power of the plaintiff as substituted trustee may be ascertained.
Harry Morlock, the testator herein, died on April 21, 1949, a resident of Atlantic City, leaving a will dated September 12, 1944, which was, on May 2, 1949, admitted to probate by Atlantic County Surrogate's Court, and letters of trusteeship thereunder issued to Harry A. Morlock and Lillian G. Rathbun, the trustees therein named.
The said Harry A. Morlock and Lillian G. Rathbun were, at their request, discharged as trustees under the will by a judgment of the Atlantic County Court, Probate Division, dated December 1, 1950, and the Boardwalk National Bank of Atlantic City, the plaintiff herein, was thereby appointed substituted trustee thereunder and letters of substituted trusteeship were issued to it by the Atlantic County Surrogate's Court.
The pertinent portions of the testator's will are as follows:
"THIRD: All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate at the time of my decease, I give, devise and bequeath unto my Trustees hereinafter named, upon the following terms of trust: * * *
(b) To expend the net income therefrom, or so much thereof as, in the discretion of my Trustees, may be necessary for the support, maintenance, welfare and/or benefit of my wife, MARGARET MORLOCK, so long as she shall live, * * *.
FOURTH: My primary concern is to provide for the support, maintenance, welfare and/or benefit of my wife, during her lifetime and if my Trustees shall deem it proper or necessary to use principal for such purpose or purposes, I authorize them so to do and expressly relieve them from liability by reason of so doing. Any receipt or evidence of the application of principal to her benefit, *445 made in conformity with this provision of my will, shall fully discharge my Trustees from liability to the extent of such payment or payments. * * *
SIXTH: I direct that my Executors and Trustees, in their discretion, but with the special limitations herein delegating certain duties to a designated fiduciary, shall have and possess the following powers, without liability in case of depreciation or loss and without being confined to what are known as legal investments for trust funds:
(a) To retain for such time as my son, HARRY A. MORLOCK, alone, may deem advisable, all investments, whether legal or not, that I may possess at the time of my decease.
(b) To re-invest in such common and/or preferred stock, or other investments, whether they are what are legal investments or not, as my son HARRY A. MORLOCK, alone, may deem advisable, without liability thereby resulting.
(c) Full and complete power at any time to sell any personal or real property of which I may die possessed or seized at public or private sale for such prices and upon such terms as my son, HARRY A. MORLOCK, alone, may deem advisable and expedient to carry into effect the provisions of this will, and to execute and deliver such forms of bill of sale, or deed, or other instrument of writing as may be required or deemed necessary to carry into effect the power hereby granted and to receive and receipt for the consideration therefor, without liability on the part of any purchaser or purchasers to see to the application thereof.
(d) I direct that my son, HARRY A. MORLOCK, shall have sole charge and discretion in the handling of investments and all financial matters relating to my said estate, until final distribution thereof has been made, but that both HARRY A. MORLOCK and LILLIAN G. RATHBUN, shall jointly determine all questions relating to the maintenance and comfort and welfare of MARGARET MORLOCK."
R.S. 3:7-68 provides as follows:
"A duly appointed new, substituted or additional trustee shall have the same power, authority and discretion with respect to the investment, management, conversion, sale or other disposition of the trust estate, whether real or personal, as was given to or vested in the original trustee or trustees named in or appointed by the will or other instrument creating or continuing the trust, notwithstanding such power may be directed by the will or other instrument to be exercised at the discretion of such original trustee or trustees unless the power, authority or discretion of the original trustee or trustees is expressly prohibited by the will or other instrument to any new, substituted or additional trustee." (Italics supplied.)
*446 There is here absent any express prohibition confining the powers as granted in the original trustees. The will demonstrates an intention as between the original trustees that the final determination on questions of the management and conduct of the original investments as well as future investments, should be left to the judgment and discretion of Harry A. Morlock. It does not follow that this should or can be considered as an express prohibition against the exercise of such discretionary power by a substituted trustee. No such prohibition is implied in the language or the facts here present. The confidence reposed in Harry A. Morlock, in view of the situation here present, is not personal to the extent that it excludes any substituted trustee. It merely connotes greater respect for his business judgment as between the two trustees originally named. As a matter of fact, it never occurred to the testator that there might be a substituted trustee, and should not be held to express an intent to bar substituted trustees from exercising the powers granted to the original trustees.
The primary concern of testator was the maintenance of his widow during her lifetime. The testamentary permission to invade principal for her benefit is consistent with the patent desire of the testator.
See Restatement, Trusts, sec. 196; 2 Scott on Trusts, sec. 196; 3 Bogert, Trusts and Trustees, sec. 553.
The questions propounded concerning paragraph 8 of the complaint are therefore answered in the affirmative, i.e., that the plaintiff does have the powers granted to the original trustees.
Judgment will be entered accordingly.